IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERBER A. FLORES,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **ORDER GRANTING MOTION TO DISMISS & MEMORANDUM DECISION**<br><br>Case No. 2:15-CV-658-JNP<br><br>District Judge Jill N. Parrish |

  Petitioner, Gerber A. Flores, has filed a *pro se habeas corpus* petition. *See* 28 U.S.C. § 2254. For the reasons below, the court grants Respondent's motion to dismiss his petition.

## I.  BACKGROUND

  Petitioner was convicted in Utah state court. Upon appeal, the Utah Court of Appeals affirmed the conviction. Petitioner did not file a *certiorari* petition in the Utah Supreme Court. Neither did Petitioner file a state *habeas corpus* petition. He now challenges his conviction in this federal *habeas* petition.

## II.  ANALYSIS

  In its response to the petition, the State argues that Petitioner's issues are unexhausted and procedurally defaulted. The court agrees.

  In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C. § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2–3. Here, because he filed neither a petition for writ of *certiorari*

nor a state *habeas corpus* petition, Petitioner did not present any issue to the highest Utah court available, the Utah Supreme Court. His claims before this court are therefore unexhausted.

The Tenth Circuit has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Utah's Post-Conviction Remedies Act states, "A person is not eligible for relief under this chapter upon any ground that . . . was raised or addressed at trial or on appeal [or] could have been but was not raised at trial or on appeal." Utah Code Ann. § 78B-9-106(1) (2017); *compare Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim."). Under Utah law, then, Petitioner may not raise his current arguments in future state *habeas* petitions, and the state courts would determine them to be procedurally barred.

"This court may not consider issues raised in a *habeas* petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Petitioner argues cause and prejudice are at play here. Specifically, Petitioner asserts cause and prejudice stem from his lack of legal knowledge and experience and inability to speak English.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*,

957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). "Indeed, these are factors, together with the potential language barrier, that are *internal* to Petitioner's defense." *Ardon-Aguirre v. Sorensen*, No. 2:12-CV-914 DB, 2013 U.S. Dist. LEXIS 150269, at *11 (D. Utah October 18, 2013) (emphasis in original).

In sum, the court concludes that Petitioner's issues are procedurally defaulted. And these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The court thus denies Petitioner federal *habeas* relief.

### III. CONCLUSION

Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment. IT IS THEREFORE ORDERED that Respondent's motion to dismiss this *habeas corpus* petition is GRANTED.

Signed January 10, 2018

                          BY THE COURT

                          _____

                          Jill N. Parrish
                          United States District Court Judge